IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARIANO ALBERT GONZALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>JOB CORP<br><br>    Defendant. | Case No. 2:07-CV-374-DB<br><br><br><br><br><br>**ORDER** |

Before the court is a complaint filed by *pro se* Plaintiff, Mariano Albert Gonzalez. Plaintiff's complaint was filed on June 5, 2007 (Docket Entry #3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Docket Entries #1, 2). United States District Judge Dee Benson, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on June 8, 2007, pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket Entry #6.)

Plaintiff is proceeding *pro se*. As a result, the court construes his pleadings liberally and holds his pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of his complaint does not relieve

Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based.  *See id.*

> Not every fact must be described in specific detail, and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint.  Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant.  *See id.*  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In addition, at 28 U.S.C. § 1915(e)(2)(B), the law directs that "the court shall dismiss the case at any time if the court determines that - . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Because Plaintiff is

proceeding *in forma pauperis*, the court must consider whether Plaintiff's complaint falls within the directive of Section 1915(e)(2)(B).

Section 1915(e)(2)(B) is an issue in this case because it appears that Plaintiff has not yet stated a properly supported federal claim upon which relief may be granted. The court has not been able to discern a federal cause of action in Plaintiff's complaint, in part because the court has had a difficult time understanding Plaintiff's complaint. Although the court has read Plaintiff's complaint several times, it has not been able to determine what type of federal claim Plaintiff is alleging.

Because Plaintiff is proceeding *pro se*, the court wishes to provide him with an opportunity to amend his complaint before the court issues its Report and Recommendation to Judge Benson. As a result, **IT IS HEREBY ORDERED** that within thirty (30) days of the date of this order, Plaintiff provide the court with an amended complaint setting forth clearly and with sufficient specificity Plaintiff's federal claims and the supporting facts.

DATED this 16th day of January, 2008.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge