IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARIANO ALBERT GONZALEZ,<br><br>      Plaintiff,<br><br>v.<br><br>JOB CORP,<br><br>      Defendant. | Case No. 2:07-CV-374-DB<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Before the court is a complaint filed by *pro se* Plaintiff, Mariano Albert Gonzalez. Plaintiff's complaint was filed on June 5, 2007 (Docket Entry #3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Docket Entries #1, 2). United States District Judge Dee Benson, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on June 8, 2007, pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket Entry #6.) Having carefully reviewed the pleadings in this case, the court recommends that Plaintiff's complaint be dismissed.

## ANALYSIS

On January 16, 2008, the court ordered Plaintiff to provide the court with an amended complaint setting forth clearly and with sufficient specificity Plaintiff's federal claims and the

supporting facts.  In that order, the court explained to Plaintiff that the court had not been able to discern a federal cause of action in Plaintiff's complaint, in part because the court had had a difficult time understanding Plaintiff's complaint.  The court explained that although it had read Plaintiff's complaint several times, it had not been able to determine what type of federal claim Plaintiff was alleging.  (Docket Entry #11.)

On January 23, 2008, Plaintiff filed a pleading that appears to be his response to the court's order.  (Docket Entry #13.)  In that pleading, Plaintiff appears to set forth some facts that apparently support Plaintiff's claims; however, the pleading again completely fails to state what specific claims Plaintiff is alleging against Defendant.  In addition, the court was not even able to understand what was being communicated in a significant portion of that pleading.  Plaintiff has not filed any other pleadings since January 23, 2008.

28 U.S.C. § 1915(e)(2)(B) directs that, in cases in which the Plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that - . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Because Plaintiff is proceeding *in forma pauperis*, Section 1915(e)(2)(B) applies to this case.

The court notes, as it did in its January 16, 2008 order, that Plaintiff is proceeding *pro se*. As a result, the court construes his pleadings liberally and holds his pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of his complaint does not relieve Plaintiff of his burden to clearly state his legal claims and the facts that support them. The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff has failed to provide the court with a complaint that clearly sets forth his causes of action against Defendant with sufficiently supportive facts. As a result, the court is unable to conclude that Plaintiff's complaint has set forth a federal claim upon which relief can be granted, and thus recommends, pursuant to 28 U.S.C. § 1915(e)(2)(B), that Plaintiff's complaint be dismissed.

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED.**

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

        DATED this 16th day of May, 2008.

        BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge